1
2
3
4
5
6
7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DENNIS WAYNE MIZE, SR.,                    No.  2:14-cv-1558 MCE CKD P

12              Plaintiff,

13        v.                                    ORDER

14   JEFFREY BEARD, et al.,

15              Defendants.

16

17        Plaintiff is a California prisoner proceeding pro se and seeking relief pursuant to 42

18   U.S.C. § 1983.  On October 16, 2014, plaintiff's complaint was dismissed with leave to file an

19   amended complaint.  Plaintiff has now filed an amended complaint.

20        The court is required to screen complaints brought by prisoners seeking relief against a

21   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

22   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

23   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

24   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

25        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

26   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

27   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

28   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

                                              1

1   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

2   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

3   Cir. 1989); Franklin, 745 F.2d at 1227.

4        In order to avoid dismissal for failure to state a claim a complaint must contain more than

5   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

6   of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

7   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

8   statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim

9   upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

10  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

11  the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.

12  at 1949.  When considering whether a complaint states a claim upon which relief can be granted,

13  the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

14  and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

15  U.S. 232, 236 (1974).

16       The allegations in plaintiff's complaint are not remarkably different from those in his

17  original complaint.  Again, the court finds the allegations are so vague and conclusory that

18  plaintiff fails to state a claim upon which relief can be granted.  Although the Federal Rules of

19  Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the

20  elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646,

21  649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts

22  which defendants engaged in that support plaintiff's claim.  Id.  Plaintiff's amended complaint

23  must be dismissed.  The court will, however, grant plaintiff one final opportunity to amend.

24       If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how

25  the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.

26  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Plaintiff complains about the medical care he

27  is receiving at Mule Creek State Prison.   Denial or delay of medical care for a prisoner's serious

28  medical needs may constitute a violation of a prisoner's Eighth Amendment rights.  Estelle v.

1  Gamble, 429 U.S. 97, 104-05 (1976).  A violation of the Eighth Amendment occurs when a

2  prison official is deliberately indifferent to a prisoner's serious medical needs.  Id.

3          Also, if plaintiff elects to file an amended complaint, plaintiff must explain in specific

4  terms how each named defendant is involved in any alleged violation of his rights.  For example,

5  it is not sufficient to say "defendants denied me medication."  Plaintiff must assert specifically

6  who denied him medication, and exactly how denial of the medication in question amounted to

7  deliberate indifference to serious medical needs.  There can be no liability under 42 U.S.C. §

8  1983 unless there is some affirmative link or connection between a defendant's actions and the

9  claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory

10  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

11  Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Therefore, plaintiff should avoid naming persons as

12  defendants, like Secretary Beard, who did not make decisions specifically about plaintiff's

13  medical treatment.

14          Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to

15  make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended

16  complaint be complete in itself without reference to any prior pleading.  This is because, as a

17  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

18  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

19  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

20  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

21          In accordance with the above, IT IS HEREBY ORDERED that:

22          1.  Plaintiff's amended complaint is dismissed.

23          2.  Plaintiff is granted thirty days from the date of service of this order to file a second

24  amended complaint that complies with the requirements of this order, the Civil Rights Act, the

25  Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint

26  must bear the docket number assigned this case and must be labeled "Second Amended

27  /////

28  /////

1    Complaint"; failure to file a second amended complaint in accordance with this order will result

2    in a recommendation that this action be dismissed.

3    Dated:  March 10, 2015

4    _____
     CAROLYN K. DELANEY

5    UNITED STATES MAGISTRATE JUDGE

6

7

8    1
     mize1558.14(a)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          4