1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DENNIS WAYNE MIZE, SR.,                    No.  2:14-cv-1558 MCE CKD P

12                 Plaintiff,

13        v.                                    FINDINGS AND RECOMMENDATIONS

14   JEFFREY BEARD, et al.,

15                 Defendants.

16

17        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil

18   rights under 42 U.S.C. § 1983.  On August 28, 2015, the court screened plaintiff's second

19   amended complaint pursuant to 28 U.S.C. § 1915A and found the allegations therein sufficient for

20   plaintiff to proceed on Eighth Amendment claims against defendants Tseng, Akintola and Smith

21   to the extent plaintiff alleges they did not provide plaintiff with adequate pain medication.  Those

22   defendants have filed a motion to dismiss asserting:  1) plaintiff has not pled facts stating a claim

23   under the Eighth Amendment; and 2) defendants are immune from suit under the "qualified

24   immunity" doctrine.   In addition, plaintiff has filed a motion seeking a preliminary injunction.

25   I. Facts

26        When considering whether a complaint should be dismissed under Rule 12(b)(6) of the

27   Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, the

28   court must accept the allegations of the complaint as true, Erickson v. Pardus, 127 S. Ct. 2197,

1

2200 (2007), and construe facts in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Where the contents of particular documents are alleged within a complaint, the court can consider the actual documents when ruling upon a Rule 12(b)(6) motion pursuant to the "incorporation by reference doctrine" as long as no party questions the authenticity of such documents.  See Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

After reviewing plaintiff's operative second amended complaint, and any documents incorporated by reference therein, the court construes the facts material to defendants' motion to dismiss to be as follows:

1. At all relevant times, plaintiff was an inmate at Mule Creek State Prison.  Defendant Smith was employed there as Chief Surgeon and Physician; defendant Tseng as a physician and surgeon, and defendant Akintola as a physician's assistant.

2. Before plaintiff arrived at Mule Creek, plaintiff had sustained several injuries including:

A.  Injuries to his liver, right lung, intestines and stomach muscles as a result of a motorcycle accident.

B.  Hyper-extension of his left elbow.

C.  Several puncture wounds on plaintiff's left arm caused when plaintiff was bitten several times by a police dog.

D.  Multiple facial and nasal bone fractures resulting from a prison fights.

3. Before arriving at Mule Creek, plaintiff had a long history of being provided pain medication, including narcotics, for his various injuries.

4. Plaintiff was transferred to Mule Creek on February 8, 2013.

5. On February 22, 2013, plaintiff was examined by defendant Dr. Tseng as a new arrival at Mule Creek.  In his report regarding the exam (ECF No. 1 at 177),[1] Dr. Seng noted that plaintiff had been prescribed "chronic opiate therapy" for injuries to his left elbow.  However, defendant Tseng suspended this treatment because there was documentation indicating that on

---

[1]  The court considers this document, which is attached to plaintiff's original complaint, pursuant to the "incorporation by reference doctrine" described above.

2

February 14, 2013, plaintiff was caught attempting to divert narcotic pain medication: he did not immediately swallow pain medication given to him in a pill line.  Plaintiff admits that such a report was generated by a nurse plaintiff cannot identify,[2] based upon an incident occurring February 14, 2013.  Plaintiff insists, however, that he did not attempt to divert pain medication.  Dr. Tseng indicated that plaintiff would be required to obtain approval from the "pain management committee in order to override the documentation of narcotic diversion."  Finally, Dr. Tseng indicated that he would taper plaintiff off his opiate medication over the next 14 days and "arrange for pain management intake 3-4 weeks, followed by pain committee evaluation."  Dr. Tseng offered plaintiff a prescription for anti-inflammatories, Tylenol with Codeine and Tylenol, but plaintiff indicated these medications were not effective so he declined the prescription.

6. Later that day, plaintiff filed an inmate grievance regarding Dr. Tseng's decision.  ECF No. 1 at 223.  In the grievance,[3] plaintiff asserted that the report indicating that plaintiff had attempted to divert medication was not correct.  He asked that his current prescription for MS Contin (morphine) 30, 2 times daily, be maintained and that his referral to the "pain management committee" be "fast tracked" so plaintiff's medication schedule not be interrupted.  Defendant Akintola interviewed plaintiff with respect to his grievance on March 19, 2013.

7. On April 4, 2013, defendant Dr. Smith issued the decision denying plaintiff's appeal at the first level of review:

> Your request to renew your prescription for Morphine, 30 mg, twice a day, to leave your pain medication alone and renew it, and for your referral to the PMC to be fast tracked so your medication would not be interrupted is denied.  During your first level interview on March 19, 2013, PA Akintola determined you did not require a prescription of Morphine or a "fast tracked" referral to the PMC because you are able to perform your activities of daily living well.
>
> You are currently prescribed the medication Acetaminophen 325mg tablets, two tablets three times a day, as needed for pain.

---

[2]  Plaintiff identifies this nurse in his second amended complaint as a "Jane Doe" defendant.

[3]  See note 1.

3

ECF No. 1 at 227-228.[4]

       8.  Plaintiff appealed the denial of his grievance to the highest level of the grievance process.  His grievance was denied by Dr. L.D. Zamora, not a defendant in this action, on October 10, 2013.  Notably, Dr. Zamora indicated as follows:

> Per the guidelines outlined in the Inmate Medical Services Policies and Procedures (IMSP&P), Volume 4, Chapter 11, on February 14, 2013, nursing staff documented on a CDCR Form 128-C, observation of your suspected cheeking morphine during Direct Observation Therapy medication administration (medication found on roof of mouth). . .
>
> On July 11, 2013, your medical history was evaluated by the PMC with determination that narcotic medications and the medication gabapentin are not indicated or appropriate, as narcotics create greater risk than benefit for you based on your history.  The PMC recommended consideration of tricyclic antidepressant, the medication acetaminophen, the medication Cymbalta, or NSAIDS.
>
> Your medication was tapered/discontinued and you have been offered alternative pain medication per California Correctional Health Care Services Pain Management Guidelines.  Active diversion of a controlled substance is an absolute contraindication to narcotic therapy.

ECF No. 1 at 252-53.[5]

II.  Applicable Legal Standards

       A prisoner states a claim under the Eighth Amendment for inadequate medical care if the prisoner points to facts suggesting they were caused injury by a prison official who was deliberately indifferent to the prisoner's serious medical needs.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  A serious medical need exists if the failure to treat a prisoner's condition could result in the "unnecessary and wanton infliction of pain."  Id. at 104.

       Government officials performing discretionary functions generally are shielded from liability for civil damages insofar their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

---

[4]  See note 1.

[5]  See note 1.

III. <u>Analysis</u>

    A. <u>Dr. Tseng</u>

As indicated above, defendant Dr. Tseng ordered a 14-day taper-off of morphine based upon a report that plaintiff had been caught attempting to "divert" that medication.  Dr. Tseng indicated that because of the report, the prescription for morphine had to be suspended and that plaintiff would now require approval from the "pain management committee" before "narcotic therapy" could continue.  Dr. Tseng referred plaintiff to the "pain management committee" for evaluation.   In the meantime, Dr. Tseng offered plaintiff alternative medications, but plaintiff declined.

Under these facts, the court cannot find that it would have been clear to defendant Tseng that he was violating plaintiff's Eighth Amendment rights when he decided to taper plaintiff off morphine.  There is no law suggesting that when presented with evidence that an inmate has diverted narcotic pain medication, a physician cannot suspend a prescription for that medication pending a more-thorough evaluation of the appropriateness of the prescription.  Further, considering Tseng offered plaintiff a prescription for alternative pain medication, Tseng's alleged conduct is even more removed from conduct amounting to deliberate indifference to a serious medical need or a clear violation of the Eighth Amendment.  Finally, it is important to note that defendant Tseng suspended plaintiff's ongoing treatment with narcotic medication.  There is nothing in the record suggesting that if plaintiff was suffering from acute pain, for whatever the reason at any point after he was tapered-off morphine and before the July 11, 2013 evaluation by the "pain management committee," plaintiff was precluded from seeking and obtaining any appropriate treatment from any on duty medical staff at his prison due to the actions of Dr. Tseng.

For all of these reasons, plaintiff's remaining claim against defendant Tseng is barred under the "qualified immunity" doctrine."

    B. <u>PA Akintola and Dr. Smith</u>

As indicated above, defendant Akintola interviewed plaintiff pursuant to defendant Smith's review of plaintiff's grievance concerning the actions of defendant Tseng.   To the extent plaintiff takes issue with the fact that defendants Akintola and Smith ratified the conduct of

1   defendant Tseng through the grievance process, plaintiff has no viable claim, because, as

2   described above, Tseng is immune under the "qualified immunity" doctrine.  To the extent

3   plaintiff takes issue with Akintola and Smith's failure to expedite plaintiff's appearance before

4   the "pain management committee," plaintiff fails to allege facts suggesting he suffered any

5   actionable injury as a result of delay which might be attributed to them.  Furthermore, as

6   indicated above, there is nothing in the record before the court suggesting that if plaintiff was

7   suffering from acute pain at any point prior to his evaluation before the "pain management

8   committee," he would be denied any appropriate medical care due to the actions of any defendant

9   in this action.

10   IV.  <u>Injunctive Relief</u>

11        Finally, in his second amended complaint, plaintiff seeks injunctive relief related to the

12   medical care currently being provided to him.  Plaintiff has also filed a motion seeking a

13   preliminary injunction.

14        The claims which survived the screening process do not concern plaintiff's current

15   medical care.  Defendant Tseng ordered that plaintiff be evaluated by the "pain management

16   committee" and that evaluation concluded on July 11, 2013.  The results of that evaluation, and

17   any subsequent medical determinations or decisions made with respect to plaintiff, are not at issue

18   here.  Therefore, plaintiff is not entitled to injunctive relief he seeks.

19        In accordance with the above, IT IS HEREBY RECOMMENDED that

20       1.  Defendants' motion to dismiss (ECF No. 20) be granted;

21       2.  Plaintiff's request for a preliminary injunction (ECF No. 35) be denied; and

22       3.  This case be closed.

23        These findings and recommendations are submitted to the United States District Judge

24   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

25   after being served with these findings and recommendations, any party may file written

26   objections with the court and serve a copy on all parties.  Such a document should be captioned

27   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

28   objections shall be served and filed within fourteen days after service of the objections.  The

1   parties are advised that failure to file objections within the specified time may waive the right to

2   appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3   Dated:  August 5, 2016

4   _____
    CAROLYN K. DELANEY

5   UNITED STATES MAGISTRATE JUDGE

6

7

8   1
    mize1558.mtd

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7